UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __22-6197__     Caption: __Kenneth Ray Jenkins v. Sheriff Calvin Woodard__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Sheriff Calvin Woodard__
(name of party/amicus)

who is __Appellee__, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

12/01/2019 SCC

- 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ James R. Morgan, Jr.                    Date: March 3, 2022

Counsel for: Defendant-Appellee Calvin Woodard

## **CERTIFICATE OF SERVICE**

This is to certify that on March 3, 2022, a copy of the foregoing **DISCLOSURE STATEMENT** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification of such filing to all Counsel of record.

It is hereby further certified that on March 3, 2022, a copy of the foregoing **DISCLOSURE STATEMENT** was sent to the following non-CM/ECF participant via United States First-Class Mail:

> Kenneth Ray Jenkins
> #0569762
> Johnston Correctional Institution
> 2465 U.S. 70 West
> Smithfield, NC  27577
>
> *Pro Se Plaintiff-Appellant*

/s/ *James R. Morgan, Jr.*
_____
James R. Morgan, Jr.
N.C. State Bar No.:  12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com

*Counsel for Defendant-Appellee*
*Sheriff Calvin Woodard*